UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CV00499 AGF |
| ) | |
| GAME ON BAR AND GRILL, LLC, d/b/a ) | |
| GAME ON BAR AND GRILL, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

The matter is before the Court on the motion of Plaintiff Joe Hand Promotions, Inc. for default judgment. Plaintiff, an international distributor of sports and entertainment programming, brings this action alleging violations of the Communications Act of 1934, 47 U.S.C. § 605 (Count I), the Cable & Television Consumer Protection and Competition Act, 47 U.S.C. § 553 (Count II), and common law claim of conversion under Missouri law (Count III).

Plaintiff alleges that Defendant Game On Bar and Grill, LLC, d/b/a Game On Bar and Grill, a commercial establishment located in Saint Louis, Missouri, and Tasha L. Henderson, an individual, unlawfully intercepted and exhibited a nationwide broadcast of *Ultimate Fighting Championship 128: Mauricio Rua v. Jon Jones* (the "Program") for which Plaintiff alleges it held exclusive domestic distribution rights. (Doc. No. 1.) Upon consideration of the motion and the applicable law, the Court will enter default judgment against Defendants on Plaintiff's complaint.

Plaintiff filed suit on March 15, 2013.  On April 1, 2013, Plaintiff served Defendant Tasha L. Henderson with the summons and complaint in this action.  (Doc. No. 5.)  On June 19, 2013, Plaintiff served Defendant Game On Bar and Grill, LLC with said summons and complaint.  (Doc. No. 15.)  Defendants have not filed an answer or other responsive pleading.  On Plaintiff's motion, the Clerk of Court entered default against Defendant Tasha L. Henderson on June 4, 2013, and against Defendant Game On Bar and Grill, LLC on July 26, 2013.  (Doc. Nos. 11 and 17.)  On June 14, 2013, the Court ordered Plaintiff to file a motion for default judgment within 14 days.  (Doc. No. 12.)  Plaintiff requested and was granted additional time to file its motion for default judgment but failed to do so within the time allowed.  (Doc. No. 13.)  Therefore, on May 29, 2014, the Court ordered Plaintiff to show cause why the matter should not be dismissed for failure to prosecute.  (Doc. No. 18.)  On June 4, 2014, Plaintiff timely filed the instant motion for default judgment with supporting documentation, seeking statutory damages under 47 U.S.C. §§ 553 & 605 in the amount of $170,000, as well as attorney's fees, costs, and post-judgment interest.  (Doc. Nos. 19 and 20.)

Plaintiff alleges damages in the amount of $170,000 on the basis of an affidavit submitted in support of their motion for default judgment.  Doc. No. 22-1.  Plaintiff's representative attests that it has experienced a decline in the sales of its proprietary programming, and that in response, Plaintiff has retained, at considerable expense, auditors and law enforcement personnel in order to detect and identify commercial establishments which unlawfully intercept and exhibit its programming.  Plaintiff asserts

that the unlawful interception and exhibition of its programming has resulted in a substantial loss of revenue, and that such conduct has "a detrimental effect upon lawful residential and commercial customers… whose costs of service are increased significantly by these illegal activities." Doc. No. 22-1 at ¶10. Plaintiff further states that Defendant's actions were necessarily willful, and requests damages in this amount to deter similar conduct in the future.

**I. <u>Facts</u>**

In the course of its business, Plaintiff purchases the distribution rights for sports and entertainment programming and grants limited exhibition rights to bars, restaurants and other commercial establishments in exchange for licenses fees. Plaintiff purchased the exclusive rights to distribute the Program in the United States and encrypted the Program for interstate transmission to restrict its availability to authorized users under Plaintiff's license agreements. On April 4, 2011, an investigator hired by Plaintiff observed the exhibition of the Program at Defendants' commercial establishment. Defendants had not purchased a commercial license for the Program from Plaintiff, and Plaintiff alleges that Defendant must have illegally intercepted and exhibited the Program. Because the Program is transmitted in an encrypted format, Plaintiff further alleges that that Defendants' unauthorized interception and exhibition of the Program could not have been inadvertent and asserts instead that Defendants' actions were willful.

## II. Standard for Default Judgment

Default judgments are disfavored in the law. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). Moreover, their entry is discretionary. *Taylor v. City of Ballwin*, 859 F.2d 1330, 1332 (8th Cir. 1988). Prior to the entry of a default judgment, a court should satisfy itself that the plaintiff is entitled to judgment by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. *Jenkins v. E. Asset Mgmt., LLC*, No. 4:08-CV-1032 CAS, 2009 WL 2488029, at *2 (E.D. Mo. Aug. 12, 2009).

The liability of a defendant is established upon entry of default, and therefore once default is entered, a plaintiff is not required to establish its right to recover. *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973). A party seeking damages under a default judgment must, however, prove its rights to such damages with affidavits or other supporting documentation. *See* Fed. R. Civ. P. 8(b)(6) (stating that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"); *see also Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (holding that "[w]hen a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding") (citations omitted).

**III. Discussion**

In Count I of its complaint Plaintiff alleges a violation of 47 U.S.C. § 605 and seeks statutory damages in the amount of $110,000. Section 605 prohibits a "person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio [from] divulg[ing] or publish[ing] the existence, contents, substance, purport, effect, or meaning thereof." Upon review of the allegations in Plaintiff's complaint the Court concludes that Plaintiff has established Defendant's liability under 47 U.S.C. § 605.

Similarly, in Count II of its complaint Plaintiff alleges a violation of 47 U.S.C. § 553 and seeks statutory damages in the amount of $60,000. 47 U.S.C. § 553 prohibits "intercepting or receiving any communications service offered over a cable system," and upon review of the complaint the Court is satisfied that Plaintiff also has established its right to recovery under 47 U.S.C. § 553.

In its motion for default judgment, Plaintiff references the claim of conversion alleged in Count III, but makes no specific request for damages. The Court will enter judgment for Plaintiff on all three counts, but awards no additional damages on Count III.

**IV. Damages**

Plaintiff does not seek actual damages, alleging only its right to statutory damages under each of the statutes. Pursuant to 47 U.S.C. § 605 the Court may award statutory damages of not less than $1,000 or more than $10,000 per violation. 47 U.S.C.

5

§ 605(e)(3)(C)(i)(II).  If the Court "finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage," the Court may, in its discretion, award enhanced damages up to $100,000 per violation.  47 U.S.C. § 605(e)(3)(C)(ii).  Pursuant to 47 U.S.C. § 553 the Court may award statutory damages of at least $250 and not more than $10,000 per violation.  47 U.S.C. § 553(c)(3)(A)(ii).  Section 553 also permits the Court to award enhanced damages up to $50,000 where it "finds that the violation was committed willfully and for purposes of commercial advantage."  47 U.S.C. § 553(c)(3)(B).

Plaintiff has requested the maximum statutory damages available under each statute and argues that an award of enhanced damages is appropriate here because Defendants acted willfully and for purposes of commercial advantage.  Plaintiff further argues that awarding the statutory maximum will serve as a deterrent to similar action by other commercial establishments.  Plaintiff does not allege, however, the other ground commonly cited in support of maximal damage award: that Defendant has repeatedly violated these statutes.  *See* 47 U.S.C. §§ 553(c)(3)(B) & 605(e)(3)(C)(ii).

Although courts in this district have in some instances granted the maximum amount of enhanced statutory damages to aggrieved parties under §§ 605 and 553, more modest awards are generally found.  *Compare Joe Hand Promotions, Inc. v. TL Prods., LLC*, Nos. 4:09CV503MLM, 4:09CV1633CAS, 2010 WL 2428031, at *2 (E.D. Mo. June 10, 2010) (finding "knowing violation" and awarding enhanced statutory damages under 47 U.S.C. § 605 of $100,000 and $50,000 under 47 U.S.C. § 553) *with Joe Hand*

*Promotions, Inc. v. Thompson*, No. 4:11CV1740CAS, 2013 WL 466278, at *3 (E.D. Mo. Feb. 7, 2013) (awarding $13,000 in statutory damages for a willful violation of 47 U.S.C. § 605); *J & J Sports Prods., Inc. v. Sirkco, LLC*, No. 4:12CV763CDP, 2013 WL 363355, at *2 (E.D. Mo. Jan. 30, 2013) (awarding $3,000 in statutory damages for a willful violation of 47 U.S.C. § 605); *J & J Sports Prods., Inc. v. Diamond Kings, LLC*, No. 4:12CV00764AGF, 2012 WL 5330983, at *2 (E.D. Mo. Oct. 29, 2012) (awarding $3,000 in statutory damages for a willful violation of 47 U.S.C. § 605); *Home Box Office v. Carlim, Inc.*, 838 F. Supp. 432, 436 (E.D. Mo. 1993) (awarding a total of $3,000 in statutory damages, consisting of $2,000 pursuant to 47 U.S.C. § 553(c)(3)(A) & (c)(3)(B), and $1,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II)).

Having considered the authorities Plaintiff presents and other applicable cases from this jurisdiction, and the fact that Plaintiff was required to hire auditors and investigators, the Court finds that Defendant acted willfully and that an award of $4,000 per violation under each of the statutes is an appropriate penalty and deterrent here. *See, e.g., Sirkco, LLC*, 2013 WL 363355, at *2 (awarding $3,000 in statutory damages).

Plaintiff also seeks attorney's fees of $2,500, $460 in costs, and post-judgment interest. Both statutes authorize the recovery of attorney's fees and costs and the Court finds the documentation Plaintiff submitted to support its requests for attorney's fees and costs sufficient and the amount of requested fees and costs reasonable. *See* 47 U.S.C. §§ 605(e)(3)(B)(iii) and 553(c)(2)(C). In addition, Plaintiff is entitled to post-judgment interest at the rate set by federal law.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment against Defendants on all counts of Plaintiff's complaint is **GRANTED**, in the amounts set forth herein. (Doc. No. 19.)

A separate judgment of default shall accompany this Memorandum and Order.

                                          _/s/ Audrey G. Fleissig_
                                          AUDREY G. FLEISSIG
                                          UNITED STATES DISTRICT JUDGE

Dated this 18th day of July, 2014.